

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TIM FLENTYE and 7703 SHERIDAN ROAD BUILDING CORPORATION d/b/a FLENTYE PROPERTIES, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 06 C 3492 |
| v. | ) ) | Judge Filip |
| MICHAEL L. KATHREIN a/k/a MICHAEL LEE and KATHREIN, LLC d/b/a LEE STREET MANAGEMENT, | ) ) ) ) ) | Magistrate Judge Cole |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Judge Filip has sent for resolution here all future discovery disputes and the Defendant's [sic] Motion to Compel Responses to Document Requests. Although there is an identity of interest between the individual defendant and the defendant LLC, of which Mr. Kathrein is the sole member, the latter is appearing *pro se*, and the motion purports to be filed *pro se*, as though the LLC does not exist or have an interest in its outcome. This approach serves no useful purpose and will not result in some strategic or tactical benefit to or preferential treatment for the individual plaintiff. There is an obvious community of interest between the *pro se* defendant and the LLC, which is represented by counsel chosen by Mr. Kathrein. Thus, the defendants ought not proceed as though they were unrelated and had dissimilar interests in the case. Consequently, from this point forward and until Judge Filip rules on the Motion to Dismiss the LLC, all discovery responses are to be provided to counsel for the LLC, who will ensure that the documents are distributed to Mr. Kathrein.

In any event, the document requests consist of 70 numbered paragraphs. The plaintiffs'

initial response was to object to every request. As to many there was the objection that the request was overbroad, unduly vague, ambiguous, untimely, harassing, etc., etc., etc. The attorney/client and work-product privilege were also invoked, although no privilege log was produced despite the clarity of Rule 26(b)(5), Federal Rules of Civil Procedure. Another tactic was to respond by contending that the request called not for documents but for a legal conclusion or legal authority. And then there was the oft-repeated objection that "plaintiffs' investigation continues because discovery is just commencing."[1] At least one of the objections was that a request for the date and place of incorporation of a corporate entity was oppressive and burdensome but would be supplied under a protective order.[2]

The kinds of responses made by the plaintiffs here are indefensible and make a mockery out of the discovery rules, which are designed to eliminate the common law's sporting theory of justice and replace it with broad based discovery. *See Fast Food Gourmet, Inc. v. Little Lady Foods, Inc.*, 2007 WL 2156665 at *11 (N.D.Ill. 2007). *See also* 6 Wigmore, Evidence §§1845-1847 (3rd Ed. 1940). The basic theory of this substitution is that by requiring the timely disclosure of all relevant information, truth will out and cases will, so far as possible, be decided on their merits – either by trial or early settlement.

---

[1] This objection ignores the fact that at least some of the information sought had to have been in the plaintiff's possession unless the complaint was filed in brazen violation of Rule 11, Federal Rules of Civil Procedure. Moreover, despite the fact that the case is now more than a year old and discovery has not just commenced, there has been no supplementation of these answers with documents that were obtained in discovery. *See* Rule 26(e), Federal Rules of Civil Procedure.

[2] When I asked counsel for the plaintiffs to explain and justify this objection, she conceded she could not. Protective orders require a showing of good cause and are not granted simply because one party decides to convert what is essentially a public proceeding into a private one. *See Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999); *Johnson v. Jung*, 242 F.R.D. 481, 482-483 (N.D.Ill. 2007).

As a consequence of the plaintiffs' evasions and impermissible objections, not a single document was produced in response to the 70 paragraph documents request! Indeed, it was disclosed this morning at the hearing that the documents that comprise the Rule 26(a) disclosures have yet to be Bates-stamped and are still in plaintiffs' counsel's office. Thus, to the extent that the response to the document request purported to rely on the Rule 26 disclosures, those responses were manifestly improper since there had been no such disclosures.[3]

At the status this morning, I granted the joint oral Motion for an Extension of Time to complete discovery, and I ordered the parties to meet immediately to discuss and resolve the outstanding dispute. They had not done so notwithstanding Local Rule 37.2's requirement that the parties meet and confer before the filing of a motion to compel. I continued the motion to 10/9/2007 at 11:00 AM. In the interim, the parties shall conduct an appropriate and comprehensive Local Rule 37 conference, at which time defendant will eliminate from his document requests all those requests that are not relevant or otherwise appropriate.[4]

The defendants cannot rely on the kinds of boilerplate objections made in their original responses. *See Hodgdon v. Northwestern University*, 2007 WL 1576486 (N.D.Ill. 2007); *Burkybile v. Mitsubishi Motor Corp.*, 2006 WL 2325506 at *6 (N.D.Ill. 2006). Nor can they rely on objections based on attorney/client privilege or work-product privilege that do not comply with Rule 26(b)(5), Federal Rules of Civil Procedure. Any further noncompliance with Rule 26(b)(5) will result in a

---

[3] Rule 26(a)(1)(A)-(C) requires that the disclosing party provide various categories of information to the other parties. Rule 26(a)(1)(D) requires "for inspection and copying" any relevant insurance agreements. The drafter's choice of language in these sections is not without significance.

[4] There are indeed certain requests that are on their face manifestly improper such as a request for social security numbers of certain family members of the plaintiff.

3

waiver of any claim of privilege and the invocation of sanctions.

Plaintiffs will provide immediately to the defendants Bates-stamped documents that comprise the initial disclosures required under Rule 26. In light of the passage of so much time from the date on which the disclosures should have been made, the disclosures should be substantially more encompassing now than they would have been had there been a timely compliance with Rule 26. In the exceedingly unlikely event that there are no further responsive documents called for by the discovery requests beyond those provided in the Rule 26 disclosures, the plaintiffs must say so unambiguously in their responses. It will be unacceptable to say that "investigation is continuing."

This case proves the wisdom of Judge Posner's insight that "discovery is the bane of modern federal litigation." *Rossetto v. Pabst Brewing Co., Inc.*, 217 F.3d 539, 542 (7th Cir. 2000). It is intrusive, unpleasant, time-consuming and costly. It is, like life itself, "nasty [and] brutish. . . ." Hobbes, Leviathan, Chapter XIII. Unfortunately, it is not generally "short." However, it is the inevitable concomitant of litigation and neither party is free to ignore the obligations imposed by the discovery rules.

The parties are reminded of the mandatory nature of sanctions under Rule 37, Federal Rules of Civil Procedure. As Judge Easterbrook said in *Rickels v. City of South Bend, Indiana*, 33 F.3d 785, 786 (7th Cir. 1994): "'The great operative principle of Rule 37(a)(4) is that the loser pays.' Fee shifting, when the judge must rule on discovery disputes, encourages their voluntary resolution and curtails the ability of litigants to use the legal process to heap detriments on adversaries without regard to the merits of the claim."

I do not mean to be unduly critical. Unfortunately, what has occurred here thus far is not uncommon, and the of ten needless disputes arising in discovery are but the current manifestation

4

of the difficulties about which Learned Hand lamented almost three quarters of a century ago. In an address to the Bar Association of the City of New York in 1921, Hand, then a young district judge, spoke about the "atmosphere of contention over trifles, the unwillingness to concede what ought to be conceded, and to proceed to the things which matter. Courts have fallen out of repute; many of you avoid them whenever you can, and rightly. About trials hang a suspicion of trickery and a sense of a result depending upon cajolery or worse. I wish I could say that it was all unmerited. After now some dozen years of experience I must say that as a litigant I should dread a lawsuit beyond almost anything else short of sickness and death." Lectures on Legal Topics, Learned Hand, The Deficiencies Of Trials to Reach the Heart of the Matter, 105 (The MacMillan Co. 1926).

What Chief Judge Easterbrook recently said in another case seems to apply here: "This is a grudge match." *Redwood v. Dobson*, 476 F.3d 462 (7th Cir. 2007). The parties are apparently not strangers to litigation among themselves and it appears there is other litigation involving them or between them in the Circuit Court of Cook County. The parties are free to entertain whatever animus they possess towards each other. Judges have no business in trying to regulate thought and emotion. But they do have an obligation to regulate how parties deal with each other and with ensuring that they comply with the discovery provisions of the Federal Rules of Civil Procedure. The parties are requested to conduct themselves in all further discovery efforts in the cooperative and forthright manner required by those rules.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 10/2/07